# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **NAPOLEON GRAY,**  *Plaintiff,*  v.  **STATE OF GEORGIA,** *et al.,*  *Defendants.* | **CIVIL ACTION NO.  5:20-cv-00030-TES-CHW** |

## ORDER

Plaintiff Napoleon Gray, an inmate at the Houston County Detention Center in Perry, Georgia, has filed a *pro se* Complaint naming the State of Georgia, Governor Brian Kemp, Georgia State Attorney General, Georgia State Patrol, Houston County Sheriff's Office, Houston County Board of Commissioners, and Houston County Attorney as Defendants. [Doc. 1]. While he did not file a separate motion seeking leave to proceed in forma pauperis, he did state in his complaint that he has "no property . . . [and] no checking or saving[s] accounts." [*Id.* at p. 7]. This, coupled with the fact that he did not pay the filing fee, leads the Court to conclude that Plaintiff wishes to *proceed in forma pauperis.*

The Court, however, finds that Plaintiff may not proceed *in forma pauperis* because more than three of his prior federal lawsuits were dismissed as frivolous, malicious, or for failing to state a claim. The dismissals count as "strikes" under 28

U.S.C. § 1915(g). Thus, Plaintiff may not proceed *in forma pauperis* and his Complaint is **DISMISSED without prejudice**.

Federal law prohibits a prisoner from bringing a civil action in federal court *in forma pauperis*

> if [he] has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This is known as the "three strikes provision." Under § 1915(g), a prisoner incurs a "strike" any time he has a federal lawsuit or appeal dismissed on the grounds that it is frivolous or malicious or fails to state a claim. *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999). If a prisoner incurs three strikes, his ability to proceed *in forma pauperis* in federal court is greatly limited: Leave may not be granted unless the prisoner alleges an "imminent danger of serious physical injury." *Id.*

A review of court records on the Federal Judiciary's Public Access to Court Electronic Records ("PACER") database reveals that Plaintiff has filed numerous lawsuits in federal court and that at least three of his complaints were dismissed for failing to state a claim or failing to exhaust administrative remedies: *See Gray v. Miller*, 7:01-cv-3 (WLS) (M.D. Ga. March 14, 2001) (case dismissed pursuant to 28 U.S.C. § 1915(e)(2)); *Gray v. Hall*, 6:00-cv-110 (BAE) (S.D. Ga. Dec. 6, 2000) (case dismissed for failure to exhaust); *Gray v. Ga. Dep't of Corr.*, 1:98-cv-577-CC (N.D. Ga. October 5, 1998)

(case dismissed pursuant to 28 U.S.C. 1915(e)(2)). Plaintiff, therefore, may not proceed *in forma pauperis* unless he can show that he qualifies for the "imminent danger" exception in § 1915(g). *Medberry*, 185 F.3d at 1193.

To invoke the exception, a prisoner must allege specific facts that describe "an ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Sutton v. Dist. Atty's Office*, 334 F. App'x 278, 279 (11th Cir. 2009). Plaintiff makes no such allegations in his Complaint. Instead, he complains of his arrest in Houston County and the sentence that he received following this arrest. [Doc. 1 at pp. 2–5]. Plaintiff states he wants to "come before the United State[s] Court to clear [his] name. [*Id.* at p. 5]. Clearly, Plaintiff has not alleged imminent danger.

Plaintiff's Complaint is **DISMISSED without prejudice**.

**SO ORDERED**, this 5th day of March, 2020.

S/ Tilman E. Self, III<br>
**TILMAN E. SELF, III, JUDGE**<br>
**UNITED STATES DISTRICT COURT**